UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:22-CR-20-KAC-JEM-3 ) |
| DONALD W. McCRAINEY, | ) ) |
| Defendant. | ) ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This criminal case is before the Court on United States Magistrate Judge Jill E. McCook's "Report and Recommendation" ("Report") entered on July 18, 2022 [Doc. 166]. Because there is a "combination of conditions" that "will reasonably assure the appearance of" Defendant "as required and the safety of any other person and the community," 18 U.S.C. § 3142, the Court (1) **ACCEPTS** and **ADOPTS** Judge McCook's Report, [*id.*], (2) **DENIES** the Government's "Emergency Motion Under 18 U.S.C. [§] 3145 for Revocation of Magistrate Judge's Release Order," [Doc. 48], and (3) **REFERS** "the matter of Defendant's release on conditions" to Judge McCook "for a prompt hearing," [*see* Doc. 166 at 27]. *See* 28 U.S.C. § 636(b)(1).

On March 25, 2022, United States Magistrate Judge Anthony P. Patti of the United States District Court for the Eastern District of Michigan issued an order releasing Defendant on conditions and staying the release order until March 28, 2022 to allow the United States to appeal the release order [*See* Doc. 48]. The Government filed an "Emergency Motion Under 18 U.S.C. [§] 3145 for Revocation of Magistrate Judge's Release Order," [Doc. 48], appealing the release order to the District Court Judge, [*id.*]. The District Court Judge then presiding referred the appeal to Magistrate Judge McCook and stayed Judge Patti's order releasing Defendant on conditions

1

pending resolution of the Government's appeal [*See* Doc. 51]. The matter was then reassigned to the undersigned [Doc. 66]. After some delay "[d]ue to concerns about Defendant's ability to understand the proceedings," Judge McCook held hearings on the Government's "Emergency Motion Under 18 U.S.C. [§] 3145 for Revocation of Magistrate Judge's Release Order," and received additional briefs [*See* Doc. 166 at 3-4].

Following developments at the hearings and conferences held the week of July 12, 2022, on July 18, 2022, Judge McCook issued her Report, recommending that this Court deny the Government's motion and refer the "matter of Defendant's release on conditions" to Judge McCook "for a prompt hearing" [*See* Doc. 166 at 27]. The Report is now ripe for decision [*See id.* (setting expedited briefing schedule)]. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2).

The Government objects to the Report, asserting that it "does not believe there is a combination of conditions for this defendant that will assure the safety of the community" [Doc. 169 at 3].[1] However, the Government "agrees with the procedural background, summary of the relevant hearings, and the evidence and arguments presented to support each party's position concerning detention . . . [and] also agrees with" the "recitation of the statutory provisions and applicable case law" contained in the Report [*Id.* at 1-2]. "Defendant has "no objections to the Report" [Doc. 167]. But Defendant opposes the Government's objection, asserting that the "issue of whether a competency evaluation should be conducted outpatient or in the Bureau of Prison" is

---

[1] The Government also "requests the defendant be remanded to the custody of the Attorney General for an inpatient competency evaluation to be conducted by the Bureau of Prisons under 18 U.S.C. §4241(b)" [Doc. 169 at 5]. Defendant's motion to determine competency under 18 U.S.C. § 4241 is before Judge McCook. Accordingly, this Order does not determine whether any competency evaluation that may be ordered will be conducted by the Bureau of Prisons or a private entity.

2

not yet ripe for determination and that Defendant does not pose "a serious risk of dangerousness to himself or the community" [Doc. 171 at 1-2].

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* If a timely objection is made under Section 636(b)(1)(C) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [the] objection is made," 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim P. 59(b)(3) ("district judge must consider de novo any objection to the magistrate judge's recommendation"). However, the Court need not engage in de novo review of undisputed portions of the Report. *See Mira*, 806 F.2d at 637.

18 U.S.C. § 3142 governs the release or detention of a defendant pending trial. Where the United States moves for detention of a defendant charged with a felony involving "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 18 U.S.C. § 3142(f)(1)(C), the Court must determine "whether any condition or combination of conditions" "will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community," 18 U.S.C. § 3142(f). And where, as here, "there is probable cause to believe that the [defendant] committed" an applicable Controlled Substances Act offense under Section 3142(f), a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3). A grand jury's indictment "by itself, establishes probable cause to believe that a defendant committed the charge with which he is

3

charged." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). The burden to rebut the presumption of detention then falls to the defendant to "introduce at least some evidence" that he is not a flight risk and does not pose a danger to the community. *Id.* at 945, 947 (noting that the defendant's burden of production is "relatively light").

Regardless of whether the defendant rebuts the presumption of detention, the burden of persuasion remains with the United States to prove, by clear and convincing evidence, that no conditions of release will reasonably assure the defendant's appearance and the community's safety. *See* 18 U.S.C. § 3142(f). To determine whether the United States has met its burden, a district court considers available information concerning (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the [defendant]"; (3) the defendant's "history and characteristics," including, in relevant part, his character, physical and mental conditions, family ties, employment, past conduct, substance abuse history, and criminal history; and (4) the "nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g)(1)-(4). Additionally, the initial rebuttable presumption in favor of detention for certain crimes "does not disappear entirely[] but remains a factor to be considered." *Stone*, 608 F.3d at 945 (internal quotation marks omitted).

Here, the Government concedes that Defendant "does not present a flight risk" [Doc. 166 at 20]. The Government only disputes that (1) "the sole act of offering the defendant's sister as a third-party custodian and arguing a lack of criminal history satisfies the burden of production in this case" and that (2) the Report adequately considered Section 3142(g) in determining that there "is a combination of conditions for this defendant that will assure the safety of the community" [Doc. 169 at 2-3].

***First***, as Judge McCook ably stated in her Report, "Defendant's burden to rebut the presumption 'is not heavy' but he must come forward with some evidence" [Doc. 166 at 20 (citing *Stone*, 608 F.3d at 945-46)]. Defendant arguably rebutted the presumption by introducing at least some evidence that (1) "his sister Candance McCrainey agrees to be his third-party custodian," (2) Defendant would live with his sister, (3) he has little recent criminal history, and (4) most of his criminal history stems from his youth [*Id.*]. But that is not all that Defendant proffered. At the initial detention hearing before Judge Patti, Defendant explained that he has a serious disability, "cannot read or write," and has "mental health-related diagnoses" [*Id.* at 7]. Further, Defendant has received Social Security Income ("SSI") disability payments his "entire life" due to his disability [*Id.*]. And Defendant would lose his SSI benefits if incarcerated for a period of time [*Id.*]. Defendant's serious disability and the possible loss of SSI benefits, his "source of income," provide a substantial incentive to abide by any and all conditions that assure the safety of others and the community, if released. Taken together, Defendant has met the "relatively light" burden of production in this case. *Stone*, 608 F.3d at 947. Accordingly, the Court **OVERRULES** Defendant's objection to the Report on the basis that Defendant did not meet his burden of production [Doc. 169 at 2-3].

***Second***, considering the matter *de novo*, the Report rightfully determined that "there are conditions of release that will reasonably assure the safety of the community" [*See* Doc. 166 at 25]. This is a close and unique case. As the Report concluded, there are several Section 3142(g) factors that weigh in favor of detention [Doc. 166 at 21-25]. But the mere fact that certain Section 3142(g) factors weigh in favor of detention does not per se lead to the conclusion that any danger Defendant poses cannot be alleviated, and safety assured, by a combination of conditions particular to Defendant given his disabilities and challenges. *See* 18 U.S.C. § 3142(f), (g) (directing the

5

Court to determine whether conditions would reasonably assure the appearance of "such person" and the safety of any other person and the community considering information available about "the person").

The Report fairly identifies the potential dangers Defendant's release presents and considers whether conditions could be imposed to assure the safety of any other person and the community if Defendant were released pending trial. *See* 18 U.S.C. § 3142(f). The Report rightfully gives substantial weight to the inherent dangers posed by trafficking fentanyl and Defendant's alleged conduct in this case. But, as the Government acknowledged, "Defendant McCrainey is not at the top of this drug conspiracy" [Doc. 166 at 14]. He was allegedly operating in concert with others, and at times, it appears that he may have been operating at the direction of others [*See id.* at 11]. And the Court's initial "concerns about Defendant's ability to understand" a basic legal proceeding coupled with Defendant's physical and mental conditions, including a serious disability resulting in the receipt of SII payments for his entire life, inability to read and write, and mental health-related diagnoses, demonstrate that there are specific conditions for ***this*** particular defendant that would assure his appearance and the safety of others [Doc. 166 at 3, 7]. *See* 18 U.S.C. § 3142(g)(3)(A). The Parties appear to have reached some agreement as to what those conditions would be for Defendant [Doc. 166 at 17]. And the Report identifies certain conditions [*Id.* at 26-27]. Upon *de novo* review of the Section 3142(g) factors, there are a "combination of conditions" for Defendant that "will reasonably assure the safety of any other person and the community." *See* 18 U.S.C. § 3142(g), (e)(3). Accordingly, the Court **OVERRULES** Defendant's objection to the Report on the basis that there is no combination of conditions to assure community safety [*See* Doc. 169 at 2-3].

Defendant has met his burden of production, and there are specific conditions of release for this unique Defendant that will assure his appearance and the safety of the community. *See Stone*, 608 F.3d at 945-46. Accordingly, the Court **ACCEPTS** and **ADOPTS** Judge McCook's Report, [Doc. 166], under 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b) and **DENIES** the Government's "Emergency Motion Under 18 U.S.C. [§] 3145 for Revocation of Magistrate Judge's Release Order," [Doc. 48]. The Court **REFERS** the matter of Defendant's release on conditions to Judge McCook for a prompt hearing and to enter an order releasing Defendant on the agreed-upon conditions or any other conditions that will assure Defendant's appearance and the safety of the community given his unique circumstances [*See* Doc. 166 at 27]. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge