UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:22-CR-20-KAC-JEM |
| v. | ) | |
| | ) | |
| DONALD W. MCCRAINEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Donald McCrainey's Motion to Authorize Issuance of Subpoenas for Pretrial Production of Evidentiary Material [Doc. 369]. *See* 28 U.S.C. § 636(b). Defendant McCrainey is charged along with ten named codefendants and unnamed others with conspiring to distribute four hundred grams or more of a fentanyl and one hundred grams or more of a fentanyl analogue (Count One) [Doc. 3]. The undersigned found Defendant incompetent to proceed to trial and committed him for a period of treatment and competency restoration [Doc. 248]. Defendant was evaluated and treated by Dr. Y. Abdelaal at the Metropolitan Correctional Center in Chicago, Illinois ("MCC Chicago") [*See* Doc. 287, Letter from Warden]. On July 25, 2023, the Court and the parties received a Certificate of Restoration of Competency to Stand Trial and Dr. Abdelaal's Forensic Evaluation report [Doc. 367 SEALED]. At a status conference on July 26, 2023, the undersigned set the competency hearing for September 7, 2023, to allow defense counsel time to seek recorded jail telephone conversations upon which Dr. Abdelaal relied.

Pursuant to Federal Rule of Criminal Procedure 17(c), Defendant McCrainey seeks a subpoena duces tecum for pretrial production of recordings of approximately one hundred telephone calls by Defendant made at MCC Chicago [Doc. 369 pp. 1–2]. Defendant argues these

1

recordings are evidentiary and relevant to the competency determination and cannot be obtained without a subpoena [*Id*. at 3–4]. He contends that prehearing production is necessary to allow defense counsel to review the recordings and prepare for the competency hearing [*Id*. at 4]. Defendant states that the Government does not oppose his motion [*Id*. at 5].

Federal Rule of Criminal Procedure 17(c)(1) provides, "[a] subpoena may order [a] witness to produce any books, papers, documents, data, or other objects the subpoena designates."[1] "A subpoena duces tecum must be reasonable, specific, and the documents requested must be relevant." *United States v. Justice*, 14 F. App'x 426, 433 (6th Cir. 2001) (citation omitted). Rule 17(c) is not intended to be used as a discovery device. *United States v. Nixon*, 418 U.S. 683, 702 (1974); *see also United States v. Vassar*, 346 F. App'x 17, 24 (6th Cir. 2009); *Justice*, 14 F. App'x at 432. Instead, as the plain language of the rule states, the items designated in a subpoena duces tecum are to be produced for entry into evidence, even though the court may permit their production and inspection by the parties before the trial or proceeding at which they are to be introduced. Fed. R. Crim. P. 17(c)(1). Subpoenas duces tecum must be authorized in advance by the Court and the materials sought must be returned in open court or produced to the Court in advance of a proceeding. *United States v. Al-Amin*, No. 1:12–CR–50, 2013 WL 3865079, at *9–10 (E.D. Tenn. July 25, 2013) (observing that materials obtained through a subpoena duces tecum may not be returned to counsel's office).

A court should require production pursuant to a Rule 17(c) request only if the moving party shows:

> (1) that the documents are evidentiary and relevant; (2) that they are

---

[1] Although the scope of production anticipated under this Rule is broad, the Court may quash a Rule 17(c)(1) subpoena after issuing it if compliance with it "would be unreasonable or oppressive."

2

> not otherwise procurable reasonably in advance of trial by exercise
> of due diligence; (3) that the party cannot properly prepare for trial
> without such production and inspection in advance of trial and that
> the failure to obtain such inspection may tend unreasonably to delay
> the trial; and (4) that the application is made in good faith and is not
> intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699 (footnotes omitted); *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (listing the *Nixon* factors); *see also Al-Amin*, 2013 WL 3865079, at *10 (explaining that "the *Nixon* test is the appropriate standard" for issuance of a subpoena duces tecum).

Here, the Court finds Defendant McCrainey has satisfied the *Nixon* factors. As Defendant relates in his motion, Dr. Abdelaal relied in part on her review of Defendant's recorded telephone conversations to form her opinion that Defendant is not incompetent but is, instead, malingering [Doc. 369 p. 1–2]. Defendant argues and the Court agrees that these calls are relevant to the Court's understanding of the bases for Dr. Abdelaal's opinions. Likewise, the recordings are also evidentiary, i.e., potentially admissible in the competency hearing. Although the conversations are out-of-court statements, they are not presented for their truth but, instead, to show Defendant's "ability to think, reason, and communicate generally, in alleged contrast to his interactions with the doctor" [*Id*. at 3]. *See* Fed. R. Evid. 801(c)(2) (defining hearsay as evidence offered to prove its truth).

Defendant contends that he cannot obtain the recorded jail calls without a subpoena duces tecum [Doc. 369 pp. 3–4]. Defense counsel requested the recordings directly from the Bureau of Prisons ("BOP") but he was told by an advisor at the Department of Justice that due to BOP policy and statutes regulating privacy, the recordings could not be disclosed without a subpoena [*Id*.]. The Court finds defense counsel has acted diligently in attempting to gain the recordings without a subpoena. The Court also finds that Defendant has demonstrated the need for prehearing production to allow counsel time to review the approximately one hundred telephone calls.

3

Finally, the Court determines that Defendant seeks the recorded jail calls in good faith. Defendant seeks the recordings of his own telephone conversations. Also, Dr. Jeffrey Wendt previously found Defendant suffers from an intellectual disability that prevents him from understanding the nature and consequences of the proceedings or assisting in his defense [*See* Doc 248 pp. 1–2]. Dr. Wendt opined that Defendant's cognitive impairment would not improve with competency restoration [*Id*. at 2]. Defendant seeks the recorded calls to prepare for the competency hearing in the wake of different opinions on his competency by two mental health experts. Accordingly, Defendant seeks the recordings in the good faith belief that they will yield information that supports his defense.

In summary, the Court finds Defendant McCrainey's request for prehearing production of recorded jail telephone calls from MCC Chicago is reasonable, specific, and satisfies the *Nixon* factors. Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Authorize Issuance of Subpoenas for Pretrial Production of Evidentiary Material [**Doc. 369**] is **GRANTED**;

(2) defense counsel is **DIRECTED** to prepare a subpoena duces tecum,

   (a) naming the appropriate custodian at the Bureau of Prisons and stating the custodian's address,

   (b) directing production of the recorded telephone calls of Donald W. McCrainey at MCC Chicago between March 27, 2023, and July 24, 2023, and

   (c) directing the production of the recorded telephone calls on or before **August 23, 2023, at noon**, to the Clerk of Court, at the Howard H. Baker, Jr. United States Courthouse, 800 Market Street, Suite 130, Knoxville, Tennessee 37902;

(3) defense counsel shall provide the subpoena duces tecum to the Clerk of Court for issuance on or before **August 10, 2023**; and

(4) upon receipt of the recorded telephone calls, the Clerk of Court shall notify the undersigned that the recordings have arrived and shall

notify counsel for both parties that the records are available for inspection and copying.

**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge