UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CR-20-KAC-JEM |
| | ) | |
| DONALD W. MCCRAINEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter came before the Court on September 8, 2023, for a competency hearing. *See* 28 U.S.C. § 636(b). Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney John Christopher Barnes appeared, representing Defendant Donald McCrainey, who was also present by video.[1]

By an Order entered on August 12, 2022, the undersigned committed Defendant McCrainey for a mental evaluation of his competency to stand trial [Doc. 186]. The Court allowed Defendant, who is released on conditions pending trial, to undergo an outpatient mental evaluation in the Eastern District of Michigan, where he resides [*Id.*]. The parties agreed that Dr. Jeffrey Wendt, a clinical forensic psychologist, would perform the evaluation, which occurred on October 26, 2022 [*Id.*].

At a motion hearing on November 21, 2022, the parties stipulated to Dr. Wendt's seven-page forensic report, dated November 7, 2022 [Doc. 247, SEALED].[2] Based upon his

---

[1] Defendant McCrainey was not able to appear in person and through counsel requested to appear by video conference.

[2] Although AUSA Jones stipulated to the report, he expressed reservations about Dr. Wendt's opinion that Defendant would not respond to competency restoration.

examination and observation of Defendant and administration of cognitive tests, Dr. Wendt diagnosed Defendant with an intellectual disability and opined that Defendant's cognitive impairment prevents him from understanding the nature and consequences of the proceedings or assisting in his defense. The Court found Defendant to be incompetent and committed him for four months of treatment at a Bureau of Prisons facility [Doc. 248].

Defendant, who is released on conditions pending trial, self-reported to the Metropolitan Correctional Center in Chicago, Illinois ("MCC Chicago") on March 27, 2023. Defendant was evaluated from March 27, 2023, through July 24, 2023. At a status conference on July 26, 2023 [Doc. 368], counsel for both parties confirmed they had received the twenty-one-page Forensic Evaluation report by Dr. Y. Abdelaal, forensic psychologist at MCC Chicago [Doc. 367-1, SEALED]. The Court and parties also received the Certificate of Restoration of Competency to Stand Trial from Warden R. Maldonado at MCC Chicago [Doc. 367 p. 2, SEALED]. In her report, Dr. Abdelaal found that Defendant is not suffering from a mental disease or defect rendering him mentally incompetent such that he cannot understand the nature and consequences of the proceedings or assist properly in his defense. Instead, based in part upon her review of Defendant's recorded telephone conversations, Dr. Abdelaal found that Defendant was malingering. At the status conference, defense counsel asked for time to obtain and review Defendant's recorded jail conversations to prepare for the competency hearing. The Court received the recordings on August 16, 2023, pursuant to a subpoena duces tecum, and provided copies to counsel for both parties.

At the September 8 competency hearing, Mr. Barnes stated that he had reviewed the recorded jail calls upon which Dr. Abdelaal relied and, although he did not agree with all her conclusions, he had no reason to argue her forensic report was unreliable. Mr. Barnes stated that after conferring with his client, Defendant was not contesting the finding that his competency is

restored. AUSA Stone stated that the Government relied on Dr. Abdelaal's report and the Certificate. Neither the Government, nor the Defendant, presented other evidence on the issue of the Defendant's competency.[3]

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" *Mallet v. United States*, 334 F.3d 491, 494–95 (6th Cir. 2003) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). Based upon the forensic reports from Drs. Wendt and Abdelaal and the Certificate of Restoration, the Court finds by a preponderance of the evidence that Defendant Donald McCrainey is competent in that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. 18 U.S.C. § 4241(d). Accordingly, the Court **ORDERS** as follows:

    (1) Defendant Donald McCrainey is **COMPETENT** to participate in further proceedings in this case; and

    (2) this case remains set for trial on **November 14, 2023**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[3] Mr. Barnes did not seek to make the recording of the jail telephone conversations a part of the record.